UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                            **DECISION AND ORDER**
                                                    14-CR-214S (2)

REUBEN FEARS,

                      Defendant.

On August 3, 2018, this Court accepted the guilty plea of Defendant Reuben Fears to Count 7 of an Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2). (Docket No. 775.) On September 10, 2018, this Court sentenced Fears to 37 months' imprisonment followed by six years of supervised release. (Docket No. 818.)

Now before this Court is Fears's motion for the appointment of CJA counsel to represent him in seeking early termination of his term of supervised release. (Docket No. 1174 at p. 2.) Fears's previous counsel, Michael Stachowski, was appointed to represent him on September 18, 2017, and represented him through his sentencing on September 10, 2018. Stachowski now seeks re-appointment. (Docket No. 1174.) Because the CJA does not require the appointment of counsel here, and because this Court declines to exercise its discretion to appoint counsel in this matter, this Court will deny Fears's motion.

The Sixth Amendment guarantees indigent defendants appointed counsel in any case in which a term of imprisonment is imposed, in both state and federal criminal

1

proceedings. United States v. Bryant, 579 U.S. 140, 143, 136 S. Ct. 1954, 1958, 195 L. Ed. 2d 317 (2016), as revised (July 7, 2016).

"In accordance with this constitutional mandate, Congress passed the Criminal Justice Act of 1964. The CJA ensures that "defendants who are financially unable to afford trial services necessary to an adequate defense are provided them in accordance with the Sixth Amendment." United States v. Parker, 439 F.3d 81, 90 (2d Cir. 2006) (citing United States v. Barcelon, 833 F.2d 894, 896 (10th Cir.1987)). The CJA provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, *including ancillary matters appropriate to the proceedings.*" 18 U.S.C. § 3006A(c) (emphasis added).

The Second Circuit has defined ancillary matters as those involved "in defending the principal criminal charge" and not related to post-conviction proceedings. United States v. Reddick, 53 F.3d 462, 465 (2d Cir. 1995) (quoting Miranda v. United States, 455 F.2d 402, 404–05 (2d Cir. 1972)). The Second Circuit has further clarified that "the reference to ancillary matters in § 3006A does not require the furnishing of Criminal Justice Act counsel in post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines." Id. In so holding, the Second Circuit indicated that, where a defendant is not entitled to appointment of counsel, "[t]he provision of counsel for such motions should rest in the discretion of the district court." Id.

This Court finds that Fears's contemplated motion for early termination of supervised release is not ancillary matter involving the defense of a principal criminal

charge. Reddick, 53 F.3d at 465. Nor does it implicate any risk of imprisonment, such that the Sixth Amendment would be triggered. See Bryant, 579 U.S. at 143. See also Alabama v. Shelton, 535 U.S. 654, 662, 122 S. Ct. 1764, 1769, 152 L. Ed. 2d 888 (2002) ("The proper standard for this Court to consider when deciding whether to appoint counsel is thus an 'actual imprisonment' standard."). Fears is not, therefore, entitled to the appointment of CJA counsel.

Nor will this Court exercise its discretion to appoint counsel to represent Fears in this matter. Fears's contemplated motion is not a post-sentencing motion for a sentence reduction subject to this Court's discretion as stated Reddick. This Court further observes that, in this District, motions for early termination of supervised release are regularly brought by *pro se* defendants. For all these reasons, this Court declines to appoint counsel.

IT HEREBY IS ORDERED, that Fears's Motion to Appoint Counsel (Docket No. 1174) is DENIED.

SO ORDERED.

Dated:   July 24, 2023
         Buffalo, New York

                                                          s/William M. Skretny
                                                       WILLIAM M. SKRETNY
                                                    United States District Judge